UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: JOSEPHINE JONES, DEBTOR                                CASE NO. 03-11065-DWH

JOSEPHINE JONES                                                           PLAINTIFF

VERSUS                                                        ADV. PROC. NO. 08-1068-DWH

WALTER MORTGAGE COMPANY,
MID-STATE HOMES, INC., and
BEST INSURORS, INC.                                                       DEFENDANTS

OPINION

On consideration before the court are the following, to-wit:

1. Motion to dismiss filed pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, by the defendants, Walter Mortgage Company (Walter Mortgage), Mid-State Homes, Inc., (Mid-State Homes), and Best Insurors, Inc., (Best Insurors); a response thereto filed by the plaintiff/debtor, Josephine Jones (Jones).

2. Motion to compel arbitration and stay adversary proceeding filed by the defendants; a response thereto filed by Jones.

The court, having heard and considered same, hereby finds as follows, to-wit:

I.

JURISDICTION

The court has jurisdiction of the parties to and the subject matter of this adversary proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A) and (O).

II.

## FACTUAL STATEMENT

As a part of a building contract, the plaintiff/debtor, Josephine Jones executed a promissory note and deed of trust on July 24, 2000, in favor of Jim Walter Homes, Inc., which was secured by her residential real property. The promissory note and deed of trust were initially assigned by Jim Walter Homes, Inc., to Mid-State Homes and, ultimately, through several other assignments to Walter Mortgage. The proof of claim that was filed in Jones' bankruptcy case designated Mid-State Homes as the secured creditor. In this proceeding, the defendant entities will be considered as one and the same. In this Opinion, they will be referred to as defendants, Walter Mortgage, or Mid-State Homes.

Jones filed a voluntary petition for relief pursuant to Chapter 13 of the Bankruptcy Code on February 20, 2003. Her Chapter 13 plan was confirmed by an order of this court on June 5, 2003. According to the Chapter 13 Trustee's Final Report and Account, Jones paid the debt owed to Walter Mortgage through her Chapter 13 plan in conformity with the amounts set forth on the proof of claim filed in the name of Mid-State Homes.

After Jones' plan was confirmed, Walter Mortgage acquired "force placed" hazard insurance covering Jones' property and assessed her account for the premiums related to this coverage over the period that the plan was being administered in the total sum of $4,524.00. None of the defendants ever notified Jones' bankruptcy counsel, the Chapter 13 trustee, or the court of these charges, and never petitioned the court, pursuant to Rule 2016(a), Federal Rules of Bankruptcy Procedure, to have these charges approved. The proof of claim was never amended to reflect these additional expenses.

2

On July 25, 2007, the Chapter 13 trustee, Locke D. Barkley, filed a motion styled "Trustee's Motion for an Order Declaring 1322(b)(5) Claim of Mid-State Homes Current and Defaults Cured." This motion was noticed to Mid-State Homes and its attorney on the same date, but no response or objection was filed. Consequently, on August 17, 2007, an order was entered by this court finding that the long-term debt of Mid-State Homes was current and that all defaults were cured. See Court's Exhibit 1.

Jones received her Chapter 13 discharge on October 10, 2007. Thereafter, on February 12, 2008, Walter Mortgage notified Jones that her account was delinquent in the sum of $4,677.58, as a result of the "force placed" insurance coverage plus accrued interest. Walter Mortgage demanded that this amount be paid by March 5, 2008.

The demand letter prompted the filing of the above captioned adversary class action complaint by Jones against the defendants. Jones has asserted that the defendants charged unauthorized fees and expenses to her account in violation of Rule 2016(a), Federal Rules of Bankruptcy Procedure, as well as, that the defendants violated several sections of the Bankruptcy Code and the aforementioned order of this court which had determined that the debt owed to Mid-State Homes was current and that all defaults were cured. In response, the defendants filed the motion to dismiss and the motion to compel arbitration. In addition, the defendants filed a motion to withdraw reference which will be considered by the United States District Court.

III.

MOTION TO DISMISS

Since the motion to dismiss was filed by the defendant pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, the court must construe the adversary class action complaint liberally

3

in favor of the plaintiff as the non-moving party and assume the truth of all pleaded facts. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002); *Frank v. Delta Airlines, Inc.*, 314 F.3d 195 (5th Cir. 2002); and *In re Harris*, 297 B.R. 61, 64 (Bankr. N.D. Miss. 2003).

This court has previously held in *In re Thompson*, 351 B.R. 402 (Bankr. N.D. Miss. 2006), that a creditor's mere act of posting charges to a debtor's account for record keeping purposes, standing alone, does not violate any provision of the Bankruptcy Code. However, the act of collecting or attempting to collect these charges from the debtor may be impermissible depending on the relevant circumstances. In her complaint, Jones contends that the defendants assessed and attempted to collect the "force placed" insurance premiums in violation of §§362(a), 506(b), and 524(a)(2) of the Bankruptcy Code[1], as well as, Rule 2016(a), Federal Rules of Bankruptcy Procedure. Jones seeks to pursue these claims on her behalf and as the representative of a nationwide class. In addition, Jones alleges that the defendants violated the order of this court which had determined that the subject indebtedness was current and that all defaults had been cured. Ordinarily, these allegations would be sufficient to overcome a Rule 12(b)(6) motion to dismiss.

At the hearing on the motion to dismiss, the defendants presented the testimony of Chapter 13 Trustee, Terre Vardaman, who indicated that she thought that the defendants had no reason to respond to the motion and notice filed by Trustee Barkley concerning the status of the defendants' long-term debt. Ms. Vardaman utilizes a similar procedure in Chapter 13 cases that she administers, but the language in her motion, notice, and proposed order is not as explicit as

---

[1] Hereinafter, all Code sections cited will be considered as sections of the U.S. Bankruptcy Code unless specifically designated otherwise.

4

that set forth in the motion, notice, and order utilized by Trustee Barkley. Ms. Vardaman's testimony was perhaps based on her own procedures and, in the opinion of the court, was misplaced insofar as this proceeding is concerned. The wording in the motion and notice utilized by Trustee Barkley could not be clearer. Both plainly state that they are seeking a determination that the long-term debt is current and that all defaults are cured. The purpose of the proceeding is to prevent debtors, who are about to emerge from a protracted Chapter 13 bankruptcy proceeding, from being "blind sided" by a creditor who has surreptitiously added fees and expenses to the debtor's account during the administration of the case. Obviously, Walter Mortgage added the "force-placed" insurance premiums to Jones' account without authority from the court and without notice to anyone. Jones was not presented with the demand for payment, totaling $4,677.58, until after she had received her bankruptcy discharge and completed her Chapter 13 plan. The explicit reason for Trustee Barkley's procedure is to prevent this sort of occurrence.

No one disputes that Walter Mortgage is not entitled to protect its collateral by obtaining "force-placed" insurance when the debtor fails to maintain her own insurance coverage. The question that must be ultimately decided is whether Walter Mortgage violated the aforementioned sections of the Bankruptcy Code, Rule 2016(a), Federal Rules of Bankruptcy Procedure, or the aforementioned order of this court by the way it assessed, without notice, the insurance premium to Jones' account and then by attempting to collect same following Jones' emergence from bankruptcy. The court is of the opinion that the complaint sufficiently states a cause of action existing in favor of Jones, and, therefore, the Rule 12(b)(6) motion to dismiss is not well taken.

IV.

## MOTION TO COMPEL ARBITRATION

As noted above, on July 24, 2000, Jones entered into a contract with Jim Walter Homes, Inc., for the construction of a residential dwelling. As a part of the building contract documents, Jones executed an arbitration agreement in favor of Jim Walter Homes, Inc., which the defendants seek to have enforced through their motion to compel. The arbitration agreement, however, seems to be more related to the building contract than the loan extended to Jones, which clearly was a part of the overall transaction. The following language in the arbitration agreement is significant in putting it in a proper context, to-wit:

> The parties agree that, at the election of either party, any controversy or claim arising out of or related to this contract, or the breach thereof, whether asserted as in tort or contract, or as a federal or state statutory claim, arising before, during, or after performance of this contract, shall be settled by binding arbitration in accordance with the Comprehensive Arbitration Rules and Procedures administered by J.A.M.S/Endispute, and judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. The parties agree and understand that they choose arbitration instead of litigation to resolve disputes....
>
> Buyer acknowledges that Seller is a Florida corporation with its principal place of business in the State of Florida. The parties acknowledge that some or all of the materials, fixtures, and equipment, as well as, the source of financing contemplated by
>
> this contract, will be purchased, received or have their origin from sources outside the state when this contract is entered into.
>
> Notwithstanding the foregoing, Seller and its assigns, retain the option to use judicial or non-judicial relief to seek (i) such remedies as foreclosure and ejectment granted to Seller or its successors and assigns in the Mortgage, (ii) suits to quiet title to any Property covered by the Mortgage, (iii) suits to establish equitable liens, and (iv) suits to collect any sums due and owing under this Contract, the Promissory Note, or the Mortgage. The institution and maintenance of an action for judicial relief in a court to seek the remedies of foreclosure and ejectment, to establish quiet title and equitable liens, or to collect any sums due and owing under the Contract, Promissory Note and/or Mortgage shall not constitute a waiver of the right of any party to compel arbitration regarding any other

dispute or remedy subject to arbitration in this Contract, including the filing of a counterclaim in a suit brought by Seller, or its assigns, pursuant to this provision.

Even though the arbitration agreement appears to be "one-sided," particularly in providing the defendant entities access to judicial forums while denying this access to Jones, even if she wanted to file a counterclaim in a judicial proceeding initiated by one of the defendants, the overall flavor of the arbitration agreement is focused on the construction aspects of the transaction particularly when it mentions materials, fixtures, and equipment. However, neither the tone of this agreement or its apparent one-sidedness dictate the outcome of the motion to compel. Jones' cause of action against the defendants does not seek relief for any perceived violations of the building contract or of the related loan documentation. The lawsuit exclusively seeks relief because of events that occurred during the administration of her bankruptcy case, to-wit:

1. Was the bankruptcy discharge injunction found in §524(a)(2) violated when Walter Mortgage attempted to collect the insurance premiums advanced after the debtor had completed her bankruptcy case?

2. Was Rule 2016(a), Federal Rules of Bankruptcy Procedure, violated by the assessment of the insurance premiums to Jones' account without the authority of the bankruptcy court?

3. Was the order of this court violated which determined that Mid-State Homes' claim was current and all defaults cured?

The cause of action has absolutely nothing to do with the construction of Jones' home or determining issues relative to the promissory note and deed of trust which she signed. The cause of action seeks a determination of whether the defendants complied with the Bankruptcy Code, the Bankruptcy Rules, and the order of this court.

The Fifth Circuit Court of Appeals in *National Gypsum Company v. NGC Settlement Trust and Asbestos Claims Management Corporation*, 118 F.3d 1056 (5th Cir. 1997), concluded that a bankruptcy court did not abuse its discretion when it refused to compel arbitration and stay a declaratory judgment action with the following comments, to-wit:

> ...Rather, as did the Third Circuit in *Hays*, we believe that nonenforcement of an otherwise applicable arbitration provision turns on the underlying nature of the proceeding, i.e., whether the proceeding derives exclusively from the provisions of the Bankruptcy Code and, if so, whether arbitration of the proceeding would conflict with the purposes of the Code.
>
> . . . .
>
> But because we believe that ACMC and the Trust's declaratory judgment complaint- which concerned matters central to National Gypsum's confirmed reorganization plan and implicated contractual issues in only the most peripheral manner (if at all)-met this standard, we conclude that the Bankruptcy Court was within its discretion to refuse to order arbitration of the adversary proceeding (which was limited to the effect, if any, of National Gypsum's confirmed reorganization plan and attendant injunctions on INA's collection efforts).

*Id.* at 1067.

*See also, In re Nu-Kote Holding, Inc.*, 257 B.R. 855 (Bankr. M.D. Tenn. 2001); *In re Grant*, 281 B.R. 721 (Bankr. S.D. Ala. 2000); *In re Spectrum Information Technologies, Inc.*, 183 B.R. 360 (Bankr. E.D. N.Y. 1995); and *In re Arentson*, 126 B.R. 236 (Bankr. N.D. Miss. 1991).

Because the issues set forth in Jones' complaint are more appropriately suited for resolution in a bankruptcy forum, the court is of the opinion that the defendants' motion to compel arbitration is not well taken.

V.

For the reasons set forth hereinabove, the court concludes that the defendants' motion to dismiss, as well as, the motion to compel arbitration must be overruled. A separate order to this effect will be entered contemporaneously herewith.

This the 1st day of October, 2008.

/s/ David W. Houston, III
DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE