UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: JOSEPHINE JONES, DEBTOR                    CASE NO. 03-11065-DWH

JOSEPHINE JONES                                                    PLAINTIFF

VERSUS                                                  ADV. PROC. NO. 08-1068-DWH

WALTER MORTGAGE COMPANY,
MID-STATE HOMES, INC., and
BEST INSURORS, INC.                                              DEFENDANTS

OPINION

On consideration before the court are the following, to-wit:

1. Motion to Amend Class Action Complaint filed by the plaintiff/debtor, Josephine Jones (Jones).

2. Motion for Class Certification filed by Jones.

3. Responses to both of the aforesaid motions having been filed by the defendants, Walter Mortgage Company, (Walter Mortgage), Mid-State Homes, Inc., (Mid-State Homes), and Best Insurors, Inc., (Best Insurors).

The court, having heard and considered same, hereby finds as follows, to-wit:

I.

JURISDICTION

The court has jurisdiction of the parties to and the subject matter of this adversary proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A) and (O).

II.

## FACTUAL STATEMENT

As a part of a building contract, Jones executed a promissory note and deed of trust on July 24, 2000, in favor of Jim Walter Homes, Inc., which was secured by her residential real property. The promissory note and deed of trust were initially assigned by Jim Walter Homes, Inc., to Mid-State Homes and, ultimately, through several other assignments to Walter Mortgage. The proof of claim that was filed in Jones' bankruptcy case designated Mid-State Homes as the secured creditor. In this proceeding, the defendant entities will be considered as one and the same. In this Opinion, they will be referred to as defendants, Walter Mortgage, or Mid-State Homes.

Jones filed a voluntary petition for relief pursuant to Chapter 13 of the Bankruptcy Code on February 20, 2003. Her Chapter 13 plan was confirmed by an order of this court on June 5, 2003. According to the Chapter 13 Trustee's Final Report and Account, Jones paid the debt owed to the defendants through her Chapter 13 plan in conformity with the amounts set forth on the aforementioned proof of claim.

After Jones' plan was confirmed, the defendants acquired hazard insurance covering Jones' property and assessed her account for the premiums related to this coverage over the period that the plan was being administered in the total sum of $4,524.00. None of the defendants ever notified Jones' bankruptcy counsel, the Chapter 13 trustee, or the court of these charges, and never petitioned the court pursuant to Rule 2016(a), Federal Rules of Bankruptcy Procedure, to have these charges approved. The proof of claim was never amended to reflect these additional expenses.

2

On July 25, 2007, the Chapter 13 trustee, Locke D. Barkley, filed a motion styled "Trustee's Motion for an Order Declaring 1322(b)(5) Claim of Mid-State Homes Current and Defaults Cured." This motion was noticed to Mid-State Homes and its attorney on the same date, but no response or objection was filed. Consequently, on August 17, 2007, an order was entered by this court finding that the long-term debt of Mid-State Homes was current and that all defaults were cured.

Jones received her Chapter 13 discharge on October 10, 2007. Thereafter, on February 12, 2008, Walter Mortgage notified Jones that her account was delinquent in the sum of $4,677.58, as a result of the insurance premiums plus accrued interest. Walter Mortgage demanded that this amount be paid by March 5, 2008.

The demand letter prompted the filing of the original adversary class action complaint against the defendants. Jones asserted that the defendants charged unauthorized fees and expenses to her account in violation of Rule 2016(a), Federal Rules of Bankruptcy Procedure, as well as, that the defendants violated several sections of the Bankruptcy Code and the aforementioned order of this court which had determined that the debt owed to Mid-State Homes was current and that all defaults were cured.

### III.

### PLAINTIFF'S MOTION TO AMEND AND MOTION FOR CLASS CERTIFICATION

The plaintiff's motions are closely related. Essentially, the motion to amend seeks to modify the plaintiff's earlier complaint to define the class which she now seeks to certify pursuant to the motion for class certification. The plaintiff's most recent class action allegations are set forth as follows:

The plaintiff brings this class action for violations of Section 524(a)(2) of the Bankruptcy Code. She brings this class action on her own behalf and on behalf of all similarly situated individuals in the United States: (1) who have or who had a residential real estate mortgage originated or serviced by Walter Mortgage Company, or its predecessor, Mid-State Homes, Inc., or a Walter corporate affiliate or Walter-controlled entity; (2) who filed for bankruptcy protection under Chapter 13 of Title 11 of the United States Code between January 1, 1998, and the present; (3) whose residential real estate mortgage accounts were charged Insurance Charges by Walter, or its predecessor, Mid-State Homes, or Best Insurors, Inc., or any other Walter corporate affiliate or Walter-controlled entity; (4) which Insurance Charges were not disclosed to a federal bankruptcy court or to a bankruptcy trustee; (5) who have been discharged; (6) who, post-discharge, were subject to an act by Walter to collect, recover or offset as a personal liability the Insurance Charges and interest thereon.

Expressly excluded from the Class are persons who have individually filed or are maintaining an individual lawsuit against defendants alleging violations of Section 524(a)(2) of the Bankruptcy Code.

The complaint expressly refers to §524(a)(2) of the Bankruptcy Code which is commonly known as the bankruptcy "discharge injunction." It provides as follows:

524. Effect of Discharge.

(a) A discharge in a case under this title-

. . . .

    (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived;...

IV.

DISCUSSION

Unlike the following listed decisions, this proceeding does not involve the misapplication of regular monthly mortgage payments or arrearage payments, made by the debtor or the case trustee pursuant to a confirmed Chapter 13 plan, to undisclosed, unapproved fees and expenses assessed by a lender or a mortgage servicer. *See, In re Rodriguez*, 396 B.R. 436 (Bankr. S.D. Tex. 2008); *In re Myles*, 395 B.R. 599 (Bankr. M.D. La. 2008); *In re Stewart*, 391 B.R. 327 (Bankr. E.D. La. 2008); *In re Payne*, 387 B.R. 614 (Bankr. D. Kan. 2008); *In re Sanchez*, 372

4

B.R. 289 (Bankr. S.D. Tex. 2007); and *In re Jones*, 366 B.R. 584 (Bankr. E.D. La. 2007).

This proceeding involves the assessment and attempted collection of insurance charges by the defendants which were not approved by the court as contemplated by Rule 2016(a), Federal Rules of Bankruptcy Procedure. *See, In re Hence*, 2007 WL 4333834 (Bankr. S.D. Tex., Dec. 5, 2007); and *In re Padilla*, 379 B.R. 643 (Bankr. S.D. Tex. 2007). In addition, it involves the defendants' disregard of this court's order determining that the indebtedness owed to Mid-State Homes was current and that all defaults related to the indebtedness were cured.

The plaintiff's motion to amend and the motion for class certification expressly focus on a perceived violation of §524(a)(2) of the Bankruptcy Code. In order to establish a violation of this section, the plaintiff must show that the defendants attempted to collect a discharged debt. The debt in question is obviously the assessment of the insurance costs. No one disputes that the defendants did not have the contractual right to acquire this insurance coverage when Jones failed to do so. This is expressly permitted by the transaction documentation. The fact that the defendants obtained this coverage without the permission of the court does not mean that the related assessment became a discharged debt. The claim for the insurance coverage may ultimately be <u>disallowed</u> because of the failure to comply with Rule 2016(a), or because the defendants disregarded the court's order determining that the related indebtedness was current and that all defaults were cured. However, the debtor's discharge and §524(a)(2) do not apply to this claim. This is a contractually permissible post-confirmation claim which is a part of a long-term indebtedness. It is not impacted by the debtor's discharge. See, §1328(a)(1) of the Bankruptcy Code.

The court has read with interest the post-hearing memoranda that were submitted by Jones and the defendants. With one exception, the cases offered by Jones were Chapter 7

5

decisions that involved post-petition assessments of condominium dues, the liability for which was specified in the pre-petition condominium agreements. Since the associations' collection efforts were directed against the debtors' personal liability rather than against the property of the Chapter 7 bankruptcy estates, which generally consist of pre-petition, non-exempt assets that are subject to being liquidated and distributed to creditors in satisfaction of their allowed claims, the courts determined that the collection efforts were precluded by the debtors' discharges. These decisions are factually and legally distinguishable from the subject proceeding. The one Chapter 13 decision involved a lender that had failed to properly calculate the debtors' loan balance. It is factually distinguishable.

Following the foregoing analysis, the court is compelled to conclude that the plaintiff's motion to amend and the motion for class certification are not well taken since they expressly relate to a violation of §524(a)(2) of the Bankruptcy Code. They will both be denied by a separate order.

The court would hasten to mention that the plaintiff's original complaint does set forth the following potentially viable causes of action, to-wit:

1. The failure of the defendants to comply with of Rule 2016(a), Federal Rules of Bankruptcy Procedure, which requires an entity seeking reimbursement of necessary expenses from the estate to file an application with the court for approval of said expenses. (The court is certainly cognizant of the "from the estate" language which appears in the Rule.)

2. The failure of the defendants to recognize the court's order, dated August 17, 2007, which determined that the defendants' long-term indebtedness was current and that all defaults were cured. As noted in the previous opinion of this court, the purpose of this order is to prevent a debtor, who is about to emerge from a protracted Chapter 13 bankruptcy proceeding,

from being "blind-sided" by a creditor who has added undisclosed fees and expenses to the debtor's account during the administration of the case.

Insofar as class action allegations are concerned, the court would refer the parties to the insightful discussion set forth in *In re Rodriguez,* 396 B.R. 436, 455-460 (Bankr. S.D. Tex. 2008). Judge Marvin Isgur's comments regarding §105(a) of the Bankruptcy Code, as well as, his adoption of the rationale articulated in *Bessette v. Avco Fin. Servs., Inc.,* 230 F.3d 439 (1st Cir., 2000), appear to be precisely on point. *See also, In re Harris,* 297 B.R. 61 (Bankr. N.D. Miss. 2003).

A separate order will be entered consistent with this opinion.

This the 12th day of January, 2009.

DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE