UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: JOSEPHINE JONES, DEBTOR                    CASE NO. 03-11065-DWH

JOSEPHINE JONES                                                           PLAINTIFF

VERSUS                                                           ADV. PROC. NO. 08-1068-DWH

WALTER MORTGAGE COMPANY,
MID-STATE HOMES, INC., and
BEST INSURORS, INC.                                                        DEFENDANTS

OPINION

On consideration before the court are the following, to-wit:

1. Motion to Amend Third Class Action Complaint filed by the plaintiff/debtor, Josephine Jones (Jones).

2. Third Motion for Class Certification filed by Jones.

3. Responses to both of the aforesaid motions having been filed by the defendants, Walter Mortgage Company, (Walter Mortgage), Mid-State Homes, Inc., (Mid-State Homes), and Best Insurors, Inc., (Best Insurors).

The court, having heard and considered same, hereby finds as follows, to-wit:

I.

JURISDICTION

The court has jurisdiction of the parties to and the subject matter of this adversary proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A) and (O).

II.

## FACTUAL STATEMENT

As a part of a building contract, Jones executed a promissory note and deed of trust on July 24, 2000, in favor of Jim Walter Homes, Inc., which was secured by her residential real property. The promissory note and deed of trust were initially assigned by Jim Walter Homes, Inc., to Mid-State Homes and, ultimately, through several other assignments to Walter Mortgage. The proof of claim that was filed in Jones' bankruptcy case designated Mid-State Homes as the secured creditor. In this proceeding, the defendant entities will be considered as one and the same. In this Opinion, they will be referred to as defendants, Walter Mortgage, or Mid-State Homes.

Jones filed a voluntary petition for relief pursuant to Chapter 13 of the Bankruptcy Code on February 20, 2003. Her Chapter 13 plan was confirmed by an order of this court on June 5, 2003. According to the Chapter 13 Trustee's Final Report and Account, Jones paid the debt owed to the defendants through her Chapter 13 plan in conformity with the amounts set forth on the aforementioned proof of claim.

After Jones' plan was confirmed, the defendants acquired hazard insurance covering Jones' property and assessed her account for the premiums related to this coverage over the period that the plan was being administered in the total sum of $4,524.00. None of the defendants ever notified Jones' bankruptcy counsel, the Chapter 13 trustee, or the court of these charges, and never petitioned the court pursuant to Rule 2016(a), Federal Rules of Bankruptcy Procedure, to have these charges approved. The proof of claim was never amended to reflect these additional expenses.

2

On July 25, 2007, the Chapter 13 Trustee, Locke D. Barkley, filed a motion styled "Trustee's Motion for an Order Declaring 1322(b)(5) Claim of Mid-State Homes Current and Defaults Cured." (the "§1322(b)(5) motion") This motion was noticed to Mid-State Homes and its attorney on the same date, but no response or objection was filed. Consequently, on August 17, 2007, an order was entered by this court finding that the long-term debt of Mid-State Homes was current and that all defaults were cured. (the "§1322(b)(5) order")

Jones received her Chapter 13 discharge on October 10, 2007. Thereafter, on February 12, 2008, Walter Mortgage notified Jones that her account was delinquent in the sum of $4,677.58, as a result of the insurance premiums plus accrued interest. Walter Mortgage demanded that this amount be paid by March 5, 2008.

The demand letter prompted the filing of the original adversary class action complaint against the defendants. Jones asserted that the defendants charged unauthorized fees and expenses to her account in violation of Rule 2016(a), Federal Rules of Bankruptcy Procedure, as well as, that the defendants violated several sections of the Bankruptcy Code and the aforementioned order of this court which had determined that the debt owed to Mid-State Homes was current and that all defaults were cured.

III.

PLAINTIFF'S MOTION TO AMEND AND
MOTION FOR CLASS CERTIFICATION

The plaintiff's motions are closely related. Essentially, the motion to amend seeks to modify the plaintiff's earlier second amended complaint to define a class and sub-class which she now seeks to certify pursuant to the third motion for class certification. The plaintiff's most

recent class action allegations are separated into a proposed class definition and a sub-class definition which are set forth as follows:

Plaintiff brings her Fed. R. Bank. P. 2016 claim on her own behalf and on behalf of all similarly situated individuals in the Northern District of Mississippi: (1) who have or who had a residential real estate mortgage originated or serviced by Walter Mortgage Company, or its predecessor, Mid-State Homes, Inc., or a Walter corporate affiliate or Walter controlled entity; (2) who filed for bankruptcy protection under Chapter 13 of Title 11 of the United States Code between January 1, 1989, and the present; (3) whose residential real estate mortgage accounts were charged expenses by Walter, or its predecessor, Mid-State Homes, or Best Insurors, Inc., or any other Walter corporate affiliate or Walter-controlled entity; (4) which expenses were not disclosed to the court or trustee; (5) who have been discharged; (6) who, post-discharge, were subject to an act by Walter to collect any expenses.

Plaintiff brings her claims for violation of this court's §1322 Order Deeming Current on her own behalf and as a sub-class of those similarly situated individuals in the Northern District of Mississippi: (1) who have or who had a residential real estate mortgage originated or serviced by Walter Mortgage Company, or its predecessor, Mid-State Homes, Inc., or a Walter corporate affiliate or Walter-controlled entity; (2) who filed for bankruptcy protection under Chapter 13 of Title 11 of the United States Code between January 1, 1989, and the September 2008 date of Trustee Locke D. Barkley's revision to her §1322(b)(5) motion and order; (3) whose Chapter 13 bankruptcy was assigned to and managed by Trustee Locke D. Barkley; (4) whose residential real estate mortgage accounts were charged expenses by Walter, or its predecessor, Mid-State Homes, or Best Insurors, Inc., or any other Walter corporate affiliate or Walter-controlled entity;

(5) which Expenses were not disclosed to the Court or trustee prior to the Court's entry of its Order Deeming Current; (6) who have been discharged; (7) who, post-discharge, were subject to an act by Walter to collect any expenses.

Expressly excluded from the class and sub-class are persons who have individually filed or are maintaining an individual lawsuit against defendants alleging violations of Fed. R. Bank. P. 2016 and/or this court's §1322 Order Deeming Current. Equally excluded from the class are all officers, directors and employees of defendant Walter Mortgage Company, or its predecessor, Mid-State Homes, Inc., or a Walter corporate affiliate or Walter-controlled entity. Plaintiff reserves the right to expand the class period as may be appropriate based upon the evidence uncovered during the course of discovery.

According to the court's understanding, the plaintiff's most recent complaint asserts the following claims against the defendants:

1. The use of §105(a) of the Bankruptcy Code to redress the violation of the court's §1322(b)(5) order which determined that the long-term debt of Mid-State Homes was current and that all defaults were cured.

2. The violation of Rule 2016(a), Federal Rules of Bankruptcy Procedure, by charging unapproved and undisclosed fees between the date of the confirmation of the plaintiff's Chapter 13 plan and the date of her bankruptcy discharge.

3. For declaratory and injunctive relief regarding the defendants' conduct referenced in paragraphs 1. and 2. immediately hereinabove.

IV.

A discussion of the efficacy of this court's §1322(b)(5) order was set forth in Paragraph IV. in an opinion executed by the court on June 11, 2009. That opinion is incorporated herein by reference and the discussion will not be repeated. The court, however, re-adopts the reasoning set forth in that discussion.

V.

Deposition testimony has now established that the plaintiff, Josephine Jones, knew that force placed hazard insurance coverage was being obtained by Walter Mortgage Company, as well as, that she acquiesced in this coverage because she could not afford to acquire her own insurance policy. These events were not disclosed to the court, the Chapter 13 Trustee, or to the plaintiff's bankruptcy counsel. In the deed of trust and in Exhibit C. to the building contract entitled, "New Construction Insurance Disclosure Statement," which were both executed by the plaintiff in favor of Jim Walter Homes, Inc., the plaintiff contractually agreed to the acquisition of the hazard insurance coverage by the defendants. Additionally, in an effort to save her home, the plaintiff, subsequent to her discharge, began negotiations with the defendants as to a repayment plan to reimburse the defendants for the hazard insurance premiums. The plaintiff further acknowledged that she had sustained no monetary damages as a result of the defendants' actions.

In order to have the proposed class or sub-class certified, the plaintiff must establish the following elements set forth in Rule 23(a), Fed. Rules of Civil Procedure, which are made applicable to this proceeding by Rule 7023, Rules of Bankruptcy Procedure, to-wit:

**(a) Prerequisites** One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> (1) the class is so numerous that joinder of all members is impracticable:
> (2) there are questions or law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

As a result of this court's opinion dated June 11, 2009, the plaintiff should not be surprised that the court is still concerned as to whether the plaintiff meets Rule 23(a)'s commonality and typicality requirements, as well as, whether she would be an appropriate class representative. The court specifically mentioned in Paragraph V. at pages 9 and 10 of the aforementioned opinion the following scenarios which vary from the plaintiff's circumstances, to-wit:

1. Debtors, such as George Hines and Patricia Denise Hines, (Case No. 03-10885, Northern District of Mississippi), who acquired their own hazard insurance at the same time that insurance was being force placed by Walter Mortgage or Mid-State Homes.

2. Debtors who settled their disputes with Walter Mortgage Company or Mid-State Homes rather than litigate.

3. Debtors who sustained a casualty loss and who benefitted from the force placed insurance coverage obtained by Walter Mortgage Company or Mid-State Homes.

4. In addition to scenarios 1. - 3., there are debtors who were simply unaware that the payment for insurance coverage was not included in their plan payments to the Chapter 13 trustee. In other words, these debtors did not knowingly or voluntarily

7

acquiesce in the force placed coverage being provided by the defendants.

As noted hereinabove, the plaintiff testified that she was aware that insurance was being force placed by the defendants. She acquiesced in this procedure because she was unable to afford the insurance herself. Admittedly, she has sustained no monetary damages. This court is of the opinion that the plaintiff's circumstances are unique to her own particular claim against the defendants. As such, the court is compelled to conclude that the plaintiff is not an appropriate class representative as required by Rule 23(a)(4), Federal Rules of Civil Procedure. Consequently, the proposed class and sub-class defined in the Third Amended Complaint and the Third Motion for Class Certification cannot be certified. The plaintiff's motions will be dismissed with prejudice by a separate order to be entered consistent with this opinion.

The defendants' motion for summary judgment will be addressed in a separate order.

This the 29th day of September, 2009.

DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE